### LAVIGNE vs. MAY.

If a party
prays an appeal
and gives bond,
but does not
prosecute his

APPEAL from the court of the eighth district.

PORTER, J. delivered the opinion of the court.

This is an appeal taken on the 10th April, 1824, from a judgment rendered on the 12th of the same month, 1822, in order to have the decree of the inferior court reversed, because it does not contain the reason on which it was rendered.

East'nDistrict.
*June*, 1824.

LAVIGNE
*vs.*
MAY.

appeal, he may not avail himself of this bond, on another appeal afterwards prayed for. The appellee may have the second appeal dismissed, for this reason, even although he did not appeal and take the exception on the return day.

The appellee contends that the appeal should be dismissed, because there is no bond given, either to stay execution, or to secure the costs.

The appellant insists that there is, and refers to the record on which an obligation of that description appears transcribed.

This bond is dated on the 14th April, 1822, nearly two years previous to the present application for the appeal, and appears to have been given in consequence of an appeal granted two days after the judgment was rendered, but which appeal was not prosecuted with effect.

The appellant contends that this bond may well serve as security in the present instance; but in this position we cannot concur, and a reference to the condition shews satisfactorily, that the view we take of it is correct. It states that "whereas the above bounden Thomas May, did on the 14th *day of April*, 1822,

East'n District.
*June*, 1824.

LAVIGNE
*vs.*
MAY.

file his appeal, &c. &c. now if the said Thomas May, shall prosecute *said appeal* with effect." What appeal? That taken on the 14th Apr'l, 1822. How then can the allegation be made to extend, to one taken nearly two years after? The answer must be that it cannot, and the subject appears to us too plain to admit of argument.

It has been contended that the plaintiff cannot claim the benefit of this objection, nor the court notice it, because he did not appear here on the return day, and claim to have the cause dismissed. In our opinion, the statute regulating the mode of bringing causes before this tribunal, has affixed no such penalty for this neglect. Its words are " that on the return day, the adverse party may appear and answer to the appeal, - - - - - - and if he does not, the court may proceed to hear the cause *ex-parte,* and give such judgment as the nature of the case may require." There is nothing in these provisions which even implies that the court ought to give any other judgment on the matter appearing on record, on this *ex parte* examination, than it should render on a full hearing of both—or that the appellee loses the right to have the cause dismis-

sed—any more than are that of having a judg-ment on the merits, if the law and the facts of the case authorise it. The party cited may be unable to attend—he may be too poor to employ counsel—or he may confide in this court that it will examine his case, with the same care, as if he were present. But whatever may be his motives for not appearing, it is made the duty of this tribunal to "give such judgment as the case may require," and it is most clear, that the judgment which that, now before us, requires, is,—that the appeal be dismissed with costs.

*Hennen* for the plaintiff, *Preston* for the defendant.